Todd M. Friedman (SBN 216752)
Suren N. Weerasuriya (SBN 278521)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
***Attorneys for Plaintiffs***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Anthony Carrasco and Kimberly Carrasco, individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION** |
| Plaintiffs, | **COMPLAINT FOR VIOLATIONS OF:** |
| vs. | **(1)   Federal Fair Debt Collection Practices Act [15 U.S.C. § 1692 et seq.]** |
| Shasta-Cascade Credit Bureaus, Inc. dba North Valley Collection Bureau, and Does 1-10, inclusive, | **(2)   Rosenthal Fair Debt Collection Practices Act [Cal. Civ. § 1788 et seq.]** |
| Defendant. | **DEMAND FOR JURY TRIAL** |
| | **(Amount to exceed $25,000)** |

        Plaintiffs, Anthony Carrasco and Kimberly Carrasco ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

        1.    This is a class action brought on behalf of all individuals in California who received collection letters from Defendant wherein Defendant failed to meaningfully disclose its identity and purpose of the letter to Plaintiffs, in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").  Ancillary to the aforementioned allegations, Plaintiffs also allege violations of the Rosenthal Fair Debt

**CLASS ACTION COMPLAINT**
**-1-**

Collection Practices Act, Cal. Civ. Code § 1788 et seq.

**JURISDICTION & VENUE**

2.      This Court has personal jurisdiction over Defendant.  Defendant is located in California, conducts business within the State of California, has purposely availed itself of the benefits and protections of the State of California, and/or has sufficient contact with this State such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.  Defendant's corporate office is located at 728 Main St., Red Bluff, CA, 96080.

3.      Plaintiffs, residents of California, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in California state. Plaintiff also seeks up to $1,000.00 in damages for each call in violation of the FDCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4.      Venue is proper here, because Plaintiffs reside and Defendant does business in Shasta County.

**PARTIES**

5.      Plaintiffs, Anthony Carrasco and Kimberly Carrasco (collectively "Plaintiffs"), are natural persons residing in Shasta County in the State of California who allegedly owed or owes a debt and is thereby a "debtor" as defined by *Cal. Civ. §1788.2(h)* and is a consumer as defined by *FDCPA, 15 U.S.C. §1692a(3)*.

6.      At all relevant times herein, Defendant, Shasta-Cascade Credit Bureaus, Inc. dba North Valley Collection Bureau ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs and others which qualifies as a "consumer debt," as defined by *Cal. Civ. §1788.2(c)*.  Defendant regularly attempts to collect debts alleged to be due them or another, and therefore is a "debt collector" as defined by the

RFDCPA, *Cal. Civ. §1788.2(c)* and by the FDCPA, 15 U.S.C. *§1692a(6).*

7.　The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.　Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9.　Beginning in or around January of 2015, Defendant began contacting Plaintiffs in an attempt to collect an alleged outstanding debt.

10.　During this process, Defendant, in its ordinary course of business, began sending letters to Plaintiffs in an attempt to collect the alleged debt owed.

11.　On or about January 20, 2015, Defendant sent Plaintiffs a letter which failed to indicate that Defendant was a debt collector engaged in the attempt to collect a debt.

12.　In addition, Defendant threatened to engage in legal action against Plaintiff.

13.　*Cal. Civ. §1788.17* mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. 1692, et seq*.

14.　Defendant's violations of the FDCPA and the RFDCPA are included but not limited to.

a) Representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action *§ 1692(e)(4)*;

b) Threatening to take any action that cannot legally be taken or that is not intended to be taken *§ 1692(e)(5)*; and

c) Failing to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action *§ 1692(e)(11)*.

## CLASS ALLEGATIONS

15.     Plaintiffs bring this action pursuant to Code of Civil Procedure section 382 and/or other applicable law on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter the "California Class") defined as follows:

> All persons in California who received a letter from Defendant within one (1) calendar year from the filing of the instant complaint wherein Defendant did not disclose its true purpose to the person called but instead threatened to take legal action against the person even though it could not be taken or was not intended to be taken.

16.     Specifically excluded from the proposed California Class are Defendant; any entities in which Defendant has a controlling interest; and the employees, officers, directors,

affiliates, legal representatives, subsidiaries, and affiliates of Defendant.  The California Class'
claims are based on the RFDCPA, *Cal. Civ. § 1788 et seq*.

17.     This action is brought and may be properly maintained as a class action.  This
action satisfies the numerosity, typicality, adequacy, predominance and superiority
requirements for a class action.

18.     The California Class is so numerous that the individual joinder of all of its
members is impractical.   While the exact number and identities of the California Class
members are unknown to Plaintiffs at this time and can only be ascertained through appropriate
discovery, Plaintiffs are informed and believe and thereon allege that the California Class
includes thousands of members.  Plaintiffs allege that the California Class members may be
ascertained by the records maintained by Defendant.

19.     Common questions of fact and law exist as to all members of the California
Class which predominate over any questions affecting only individual members of the
California Class.   These common legal and factual questions, which do not vary between
California Class members, and which may be determined without reference to the individual
circumstances of any California Class members, include, but are not limited to, the following:

a.     Whether Defendant has a policy of communicating with California
residents in connection with the collection of an alleged debt wherein Defendant represents
itself to be the original creditor of said debt;

b.     Whether Defendant has communicated with California residents in
connection with the collection of an alleged debt wherein Defendant has represented itself to be
the original creditor of said debt; and

c.     The nature and extent of damages and other remedies to which the
conduct of Defendant entitles the California Class members.

20.     Plaintiffs are asserting claims that are typical of the California Class because
every other member of The Class, like Plaintiffs, were exposed to virtually identical conduct
and are entitled to statutory damages up to $1,000.00 in addition to actual damages and

1  reasonable attorneys' fees and costs pursuant to *Cal. Civ. § 1788.30*.

2  21.   Plaintiffs will fairly and adequately protect the interests of the members of the

3  California Class.  Plaintiffs have retained attorneys experienced in the prosecution of class

4  actions.

5  22.   A class action is superior to other available methods of fair and efficient

6  adjudication of this controversy, since individual litigation of the claims of all California Class

7  members is impracticable.  Even if every California Class member could afford individual

8  litigation, the court system could not.  It would be unduly burdensome to the courts in which

9  individual litigation of numerous issues would proceed.  Individualized litigation would also

10 present the potential for varying, inconsistent, or contradictory judgments and would magnify

11 the delay and expense to all parties and to the court system resulting from multiple trials of the

12 same complex factual issues.  By contrast, the conduct of this action as a class action presents

13 fewer management difficulties, conserves the resources of the parties and of the court system,

14 and protects the rights of each California Class member.

15 23.   The prosecution of separate actions by thousands of individual California Class

16 members would also create the risk of inconsistent or varying adjudications with respect to,

17 among other things, the need for and the nature of proper disclosures which Defendant must

18 provide to all California Class members when attempting to collect alleged debts.

19 24.   The prosecution of separate actions by individual California Class members

20 would create a risk of adjudications with respect to them that would, as a practical matter, be

21 dispositive of the interests of the other California Class members not parties to such

22 adjudications or that would substantially impair or impede the ability of such non-party

23 California Class members to protect their interests.

24 25.   Defendant has acted or refused to act in respects generally applicable to the

25 California Class, thereby making appropriate final and injunctive relief with regard to the

26 members of the California Class as a whole.

27

28

## COUNT I: VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiffs and the California Class Against All Defendants)

26.     Plaintiffs hereby incorporate the preceding paragraphs as if set forth in full.

27.     Plaintiffs allege that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully

28.     As a direct and proximate result of Defendant's violations of *15 U.S.C. § 1692 et seq.*, Plaintiffs and the members of the California Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *15 U.S.C. § 1692k(a)(1)-(3)*.

29.     The violations of *15 U.S.C. §1692 et seq.* described herein present a continuing threat to members of the California Class and members of the general public in that Plaintiffs are informed and believe and thereon allege that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## **Prayer for Damages**

Wherefore, Torres respectfully requests the Court grant Torres and the Class members the following relief against Carson:

    a)   That this action be certified as a class action on behalf of The Class and Torres be appointed as the representative of The Class;

    b)   For statutory damages of $1,000.00 for Plaintiffs and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1)

    c)   For actual damages according to proof;

    d)   For reasonable attorneys' fees and costs of suit;

    e)   For prejudgment interest at the legal rate; and

    f)   For such further relief as this Court deems necessary, just, and proper.

## **COUNT II: VIOLATION OF ROSENTHAL**

## FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiffs and the California Class Against All Defendants)

26.   Plaintiffs hereby incorporate the preceding paragraphs as if set forth in full.

27.   Plaintiffs allege that to the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

28.   As a direct and proximate result of Defendant's violations of *Cal. Civ. § 1788 et seq.*, Plaintiffs and the members of the California Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *Cal. Civ. § 1788.30*.

29.   The violations of *Cal. Civ. § 1788 et seq.* described herein present a continuing threat to members of the California Class and members of the general public in that Plaintiffs are informed and believe and thereon allege that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and The Class members the following relief against Defendants, and each of them:

a)   That this action be certified as a class action on behalf of The Class and Plaintiffs be appointed as the representative of The Class;

b)   For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to *Cal. Civ. § 1788.30*;

c)   For actual damages according to proof;

d)   For reasonable attorneys' fees and costs of suit;

e)   For prejudgment interest at the legal rate; and

f)   For such further relief as this Court deems necessary, just, and proper.

Respectfully submitted,

Dated:  July 2, 2015          LAW OFFICES OF TODD M. FRIEDMAN, P.C.

Todd M. Friedman
Attorneys for Plaintiffs

///

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated:  July 2, 2015                **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**


/s/Todd M. Friedman
Todd M. Friedman
Attorneys for Plaintiffs