UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CARRASCO et al., | No. 2:15-cv-01419-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| SHASTA-CASCADE CREDIT BUREAUS, INC., doing business as North Valley Collection Bureau, and LINDA BENNER, | |
| Defendants. | |

       This matter is before the court on the motion to amend the First Amended Complaint brought by plaintiffs Anthony Carrasco and Kimberly Carrasco. ECF No. 20. Defendants Shasta-Cascade Credit Bureaus, Inc. (Shasta-Cascade) and Linda Benner have yet to appear or respond. For reasons explained below, the court GRANTS plaintiffs leave to amend the First Amended Complaint.

       As a threshold matter, except as otherwise provided by the local rules or as ordered by the court, Local Rule 230 requires all motions to be noticed on the motion calendar of the undersigned. Plaintiffs moved to amend their complaint on April 21, 2016, but did not notice the motion for a hearing date. However, as plaintiffs filed the complaint on July 2, 2015, and to this

date defendants have not appeared or responded in this matter, the court construes the motion as an ex parte application for purposes of judicial efficiency and refers to it as such below.

Rule 15 provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'"  *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  Leave to amend is not automatic, however.  The Ninth Circuit considers a motion for leave to amend under five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.  *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).  The Ninth Circuit has held that "it is the consideration of prejudice to the opposing party that carries the greatest weight."  *Eminence Capital*, 316 F.3d at 1052.  Further, the Ninth Circuit "differentiate[s] between pleadings attempting to amend claims from those seeking to amend parties."  *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (emphasis in original).

Here, plaintiffs filed their complaint against defendant Shasta-Cascade, doing business as North Valley Collection Bureau, alleging violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act, Cal. Code Civ. Proc. § 1788 *et seq.*  ECF No. 20; *see generally* ECF No. 1.  In March 2016, plaintiffs amended the complaint to include Linda Benner, owner of Shasta-Cascade, after receiving no response from Shasta-Cascade.  *Id.*; *see generally* ECF No. 15.  In the process of serving the defendants with the First Amended Complaint, plaintiffs learned that defendant Shasta-Cascade had been sold by John Franklin, the agent for service of process.  *Id.*  Plaintiffs also learned that defendant Shasta-Cascade is now operating as Statewide Collections Inc. (Statewide).  Plaintiffs thus now seek to add both Statewide and Franklin as defendants.

Plaintiffs' motion does not stem from bad faith and will not cause undue delay, as plaintiffs immediately sought to amend the complaint after learning defendant Shasta-Cascade now operates as Statewide.  There is also no prejudice to any opposing party as neither of the defendants named in the First Amended Complaint have appeared or responded.  Similarly,

1  amendment is not futile if the naming of the new parties allows the case to proceed. If the new
2  parties do not appear, then plaintiffs may move for entry of default and default judgment.
3           Accordingly, the court GRANTS plaintiffs' ex parte application for leave to
4  amend. Plaintiffs shall file the proposed Second Amended Complaint as a separate document on
5  the court's docket of this case within seven (7) days. The Initial Scheduling Conference is reset
6  for July 21, 2016 at 2:30 p.m., with a Joint Status Report filed in advance as required by this
7  court's scheduling order and the local rules.
8           This order resolves ECF No. 20.
9           IT IS SO ORDERED.
10  DATED: May 3, 2016.

_____
UNITED STATES DISTRICT JUDGE